Angelo Fusaro et ux.
vs.
Francesco Varrecchione, et ux. } Eq. No. 259

August 1, 1928.

SUMNER, J. Complainants have brought their suit in equity to enforce their right to pass over a certain lane laid out as Barnes Court and to compel the respondents to remove certain obstructions from said court.

A chronological review of the evidence shows the following:

(1) The original Grand View Plat was recorded in 1883, on which plat no court was laid out;

(2) On January 10, 1885, Albert K. Barnes and his wife conveyed to Luke Carvel inter alia so much of lot No. 20 on the Grand View Plat as was bounded northerly and westerly by a stone wall, with a right of way 25 feet wide extending easterly from the northerly side of said conveyed premises to Mason Avenue and beyond;

(3) In May, 1885, "Grand View Plat Amended" was made and in June was placed on record. This showed Barnes Court.

(4) In November, 1885, the "Highland Park Plat," so called, was made and was recorded in December of that year;

(5) Albert K. Barnes conveyed to Joseph Richey, on December 12, 1885

(deed recorded in January, 1886), a tract of land containing five acres bounded on all sides by a stone wall, and referred to in the evidence as lot 18 on Assessors' Plat 37, also lot 7 on the Highland Park Plat. This is the land now owned by complainants and for which the right of way is claimed, viz.: Barnes Court.

(6) Albert K. Barnes conveyed to Mary Carvel May 11, 1891, (deed recorded July 1, 1891) lots 24 and 25 on the Amended Grand View Plat, and in this deed reserved a right of way through Barnes Court or lane on the aforesaid plat for the use of Joseph Richey, his heirs and assigns, to travel and drive over, with a provision relative to the maintaining and keeping shut the gates at each end of the court.

It appeared in evidence, and is also established by the plats that at the time of the conveyance of this land to Richey, including lot 7, it had no outlet onto any street or highway. Accordingly, it would be fair to assume that when Barnes conveyed this parcel to Richey in December, 1895, and bounded it easterly on Grand View Plat, he had in mind the Amended Grand View Plat delineating Barnes Court, which had been recorded a few months previously, and, so when Barnes made the deed to Mary Carvel in 1891 of the two lots on the north side of Barnes Court, he naturally enough reserved a right of way through Barnes Court for the use of Joseph Richey, who owned the five-acre tract at the west end of this court.

There is no specific testimony as to the actual use of this court till 1910, two years prior to the conveying of this land to the complainants, at which time it was apparently used by complainants' immediate predecessor in title, one Trudeau, to drive his cow and team over. However, Barnes having apparently shown his intention of making this outlet by his Amended Grand View Plat of 1885, by his reference to a right of way corresponding

with this court in the Luke Carvel deed of the same year and his specific reservation of it in the Mary Carvel deed of 1891, it does not seem unreasonable to conclude, in connection with testimony of complainants' witnesses, that this court was used as a right of way by Richey and his successors in title down to the time of its obstruction by the respondents in 1914.

Respondents, in their motion to dismiss, claimed that the reservation in the deed to Mary Carvel was to a stranger and hence invalid as a reservation, but the Court held that the complainants had established their right of way by necessity and that though the word "reservation" was used in the deed to Mary Carvel, it could be construed as an "exception," and the Court did so construe it.

Since the hearing on the motion to dismiss, both parties have presented additional evidence. It appears from the evidence of respondents that Barnes conveyed to Joseph Richey in May, 1886, lot No. 6 on Highland Park Plat; that this lot adjoined the lots heretofore conveyed by Barnes to Richey and that lot No. 6 bounded on Natick Hill Avenue, so called, shown on said Highland Park Plat. Respondents accordingly claim that after this conveyance Joseph Richey had a way of egress from lot No. 18 over Natick Hill Avenue, that there was no longer any necessity for passing over Barnes Court, and that, accordingly, as the necessity for the easement no longer existed there would be an end of the implication of grant.

If there had been no reservation in the deed to Mary Carvel and no further evidence of the intention of Mr. Barnes, the contention of the respondents might be good. We do not know the condition of Natick Hill Avenue at the time of this conveyance to Richey. It may be that it was not usable then nor for some time afterwards. We do know that in 1891 in the Mary Carvel deed, Barnes did reserve or attempt to reserve a right of way for the use of Richey. Apparently the right of way vested in Richey by necessity in the giving of the original deed to him by Barnes. Barnes apparently confirmed that right of way by his so-called reservation in the Mary Carvel deed, and it was also indicated in the Amended Grand View Plat, and in the deed from Barnes to Luke Carvel. If Barnes wanted Richey to continue to enjoy this right of way and so indicated it by his deed to Mary Carvel, we do not see how it lies in the mouths of the respondents to question Mr. Barnes' action.

The respondents refer to the proviso in the deed to Mary Carvel that Richey should "keep shut and maintain gates or bars at each end of said court or lane" and claims that Barnes intended to give to Richey a revocable license to travel and drive through the court, and that by reason of failure of the complainants to keep and maintain gates and bars at each end of the court, the license has expired. This claim is not supported by the evidence as the Court reads it. And, further, the Court fails to see how a license given by Mr. Barnes could be revoked by the respondents.

In *Sweezy* v. *Vallette*, 37 R. I. 51, the Court says:

"Non user although continued for many years is not conclusive evidence of abandonment."

The complainants are entitled to the relief sought.

For complainants: A. V. Pettine.

For respondents: De Pasquale and Turano.